UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY DANIEL SCHUH,

    Plaintiff,

vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

                                 /

Case No. 1:09-cv-982

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on plaintiff's *ex parte* "motion for preliminary injunction and/or temporary restraining order" (docket no. 7) and his "motion to inquire into disposition of motions for preliminary injunction and T.R.O. filed" (docket no. 30).

    **I.    Plaintiff's claim**

In his motion for a preliminary injunction, plaintiff asks the court to order the Michigan Department of Corrections (MDOC) to immediately place him on a Kosher Diet and to order the MDOC not to transfer him to Ionia Maximum Correctional Facility and/or place SPONs in his prisoner file against the defendants named in this action.[1]

---

[1] A "SPON" is a Special Problem Offender Notice. "Issuance of a SPON is nothing more than a security classification used by the prison. *See* MICH. DEP'T OF CORR., Policy Directive 03.03.110(E)." *Seaton v. Brinkman*, No. 1:08-cv-524, 2010 WL 431688 at *5 (W.D. Mich. Jan. 25, 2010).

### A. Temporary restraining order

Fed. R. Civ. P. 65(b)(1) provides for the issuance of a TRO as follows:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998). Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and

Executive Branches of our Government, not the Judicial." *Id.* at 548. For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline must meet a heavy burden.

Plaintiff is not entitled to a TRO because he has failed to present an affidavit or verified complaint containing "specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff's amended complaint, while referring to 28 U.S.C. § 1746 (i.e., "This document is executed pursuant to 28 U.S.C. 1746, and these are my statements!"), does not contain the certification required by that statute. *See Walton v. Wheatly Company*, No. 92-3379, 1993 WL 43934 at *2-*3 (6th Cir. Feb. 19, 1993) (a so-called affidavit of poverty seeking *in forma pauperis* status which contained statements that litigant "acknowledged as the truth" was insufficient to comply with the requirement of § 1746 that the statements be acknowledged as true "under penalty of perjury"); *Savage v. Stickman*, No. CIVA 06-269J, 2007 WL 550268 at *1 (W.D. Pa. Feb. 16, 2007) (court found plaintiff's so-called affidavit to be insufficient "because at the end of it Plaintiff merely states, 'I declare that the foregoing is true and correct' without stating, as required, 'under penalty of perjury'"). In summary, the statements set forth in the amended complaint do not contain legally sufficient evidence to support plaintiff's claim that he suffers from "immediate and irreparable injury."

Furthermore, even if the court construed his amended complaint as verified, plaintiff has not alleged facts sufficient to support the issuance of a temporary restraining order. "An ex parte temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted." *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). Plaintiff asks this court to prevent his transfer to the Ionia

Maximum Correctional Facility and to prevent the issuance of SPONs with respect to certain MDOC employees. Plaintiff does not suggest that either of these events will occur in the immediate future. Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts*, 282 U.S. 660, 674 (1931). In addition, plaintiff's desire to be placed on a Kosher Diet does not present the type "immediate and irreparable injury, loss, or damage" that merits a TRO. *See, e.g., Daly v. Lappin*, No. *05-276-DH, 2006 WL 468723 at *1 (S.D. Ill. Feb. 27, 2006) (in denying a prisoner's request to prevent his removal from a Kosher diet, court noted that the prisoner's allegations did not demonstrate the likelihood of immediate and irreparable harm necessary to obtain a TRO "*before Defendants can be heard*," and that "federal courts must exercise equitable restraint . . . when asked to take over administration of a prisoner, something that is best left to correctional officials and their staff") (emphasis in original). Accordingly, plaintiff's request for a TRO should be denied.

### B. Preliminary injunction

Finally, to the extent plaintiff seeks an ex parte preliminary injunction, such a request is procedurally improper. Fed. Rules Civ. Proc. 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." *See Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130-31 (5th Cir. 1990) ("[t]he courts consistently have treated rule 65(a)(1) as mandatory and have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law"); *Consolidation Coal Co. v. Disabled Miners of Southern W. Va.*, 442 F.2d 1261, 1269 (4th Cir. 1971) (court's issuance of an ex parte preliminary injunction "was manifestly error, because Rule 65(a)(1) is explicit that 'no preliminary injunction shall be issued without notice to the adverse party'"). When a preliminary

4

injunction is sought under Rule 65(a), service of the summons and the complaint is required. *Carty v. Rhode Island Department of Corrections*, 198 F.R.D. 18, 20 (D. R.I. 2000). *See also, Clement Martin, Inc. v. Dick Corp.*, 97 F. Supp. 961, 963 (W.D. Pa. 1951) ("[s]ince an injunction is sought personal service is required"). It is well settled that without service of process, a court has no jurisdiction over defendants named in a lawsuit. *Carty*, 198 F.R.D. at 20. Plaintiff's status as a pro se litigant does not excuse him from these procedural requirements. A pro se litigant is not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer. *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir.1991). Accordingly, plaintiff's motion for the issuance of an *ex parte* preliminary injunction should be denied.

**II.     Recommendation**

For these reasons, I respectfully recommend that plaintiff's ex parte "Motion for a preliminary injunction and/or Temporary Restraining Order" (docket no. 7) and his "motion to inquire" (docket no. 30) be **DENIED**.


Dated: July 26, 2010                                  /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).