UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY DANIEL SCHUH,

        Plaintiff,

vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.
                                    /

Case No. 1:09-cv-982

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on plaintiff's second "Motion for preliminary injunction and/or T.R.O." (docket no. 115).

        **I.**        **Plaintiff's claim for injunctive relief**

In his motion for injunctive relief, plaintiff states that he was transferred back to Ionia Maximum Correctional Facility (IMAX) to receive mental health treatment on October 13, 2011. Plaintiff states that IMAX was the facility which gave rise to the incidents alleged in this action that he feared a transfer back to IMAX; that he has received "recent threats of retaliation by staff;" that it is dangerous for him to be confined at IMAX; and, that it is "legally" dangerous for defendants to confine him at IMAX "due to the fact that they will be liable for any harm done to him in retaliation for this action before the court." Motion for Prel. Inj/TRO (docket no. 115). Plaintiff requests the following relief: (1) an order restraining defendants from continuing to confine him at the same facility as the defendants named in this action; (2) order the MDOC to "immediately

transfer" plaintiff to another correctional facility "that does NOT pose the risk to him as [IMAX] does on his Kosher Religious diet"; and (3) "to receive necessary Mental Health treatment." *Id.*

## II. Plaintiff's motion for injunctive relief is improper and beyond the scope of this litigation

### A. Plaintiff did not comply with the local court rule

Plaintiff seeks relief in form of both a TRO and a preliminary injunction. As an initial matter, plaintiff's motion is not properly before the court. All motions filed in this court must be accompanied by a supporting brief, which "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies." W.D. Mich. LCivR 7.1(a). A *pro se* litigant is required to follow the rules of civil procedure and easily-understood court deadlines, and assumes all of the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000); *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999). Experience has taught the court that strict adherence to procedural requirements is the best guarantee of evenhanded administration of the law. *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). For this reason alone, his motions should be dismissed as improperly filed.

### B. Plaintiff seeks relief beyond the scope of this litigation

Plaintiff's remaining claims allege that certain corrections officers (defendants Datema, Gorman, Lahr, Sisson, Wolever, Tkach and Greenfield) violated plaintiff's constitutional rights by using excessive force against him. The present motion, which seeks a court order to transfer plaintiff to a different correctional facility, raises issues that are not part of this pending lawsuit. This lawsuit does not involve plaintiff's placement at IMAX in 2011. Rather, it involves

plaintiff's claim that six corrections officers used excessive force against him which allegedly occurred in 2008. While "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945).

Furthermore, plaintiff has not presented any evidence to establish that the remaining defendants are authorized to move him to another facility, nor has he identified the Michigan Department of Corrections (MDOC official), e.g., the IMAX Warden or some other individual, who has such authority. "[Courts] frame decrees and judgments binding on the parties before them." *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed Cir. 1996). "For that reason, courts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *Id.*, citing *Scott v. Donald*, 165 U.S. 107, 117 (1897) (holding that "[t]he decree is also objectionable because it enjoins persons not parties to the suit.")."

"Although injunctions issued by federal courts bind not only the parties defendant in a suit, but also those persons 'in active concert or participation with them who receive actual notice of the order by personal service or otherwise,' Fed.Rule Civ.Proc. 65(d), a nonparty with notice cannot be held in contempt until shown to be in concert or participation." *Zenith Radio Corporation v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).[1] Here, plaintiff's request for a preliminary injunction fails because has not shown that defendants have the authority to transfer him

---

[1] *See* Fed. R. Civ. P. 65(d)(2) (providing that an order for a preliminary injunction "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participating with anyone described in Rule 65(d)(2)(A) or (B)").

nor has he identified an MDOC employee with such authority who was "in active concert or participation" with defendants in 2008. *See, e.g.*, *Aaron v. Dickinson*, No. Civ S-05-0173, 2008 WL 540629 at *2 (E.D. Cal. Feb. 25, 2008) (plaintiff was not entitled to a preliminary injunction against the prison's classification committee or the Warden, or anyone else in such a position to decide to transfer plaintiff to a different institution, because "[n]either the Warden nor the classification committee at the prison are named as parties to this action and plaintiff makes no showing that anyone at the prison whose duty it is to arrange for the transfer of inmates in and out of the prison doors has acted in concert or participated with defendants to violate plaintiff's rights"). Accordingly, plaintiff's request for an injunction should be denied as improperly filed and as seeking relief beyond the scope of this lawsuit.[2]

### III.    Plaintiff's motion for injunctive relief fails on the merits

In the alternative, plaintiff's motion for injunctive relief fails on the merits.

### A.    Temporary restraining order

Fed. R. Civ. P. 65(b)(1) provides for the issuance of a TRO as follows:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[2] The court notes that defendants have filed a response. For this reason, the court will also undertake a review of the merits of plaintiff's claims.

Plaintiff is not entitled to a TRO. While plaintiff's motion is verified pursuant to 28 U.S.C. § 1746, his motion consists of legal citations and conclusory statements that he is in grave danger. Plaintiff has failed to present an affidavit or verified statement containing "specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff's claim that he feared a return to IMAX and his reference to vague "threats of retaliation" from unidentified staff are not sufficient to establish the need for a TRO. "An ex parte temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted." *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts*, 282 U.S. 660, 674 (1931). Accordingly, plaintiff's request for a TRO should be denied.

### B.     Preliminary injunction

Plaintiff also seeks a preliminary injunction for transfer to a different MDOC facility. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). *See, e.g.*, *Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir. 1976) ("[t]he general function of a preliminary injunction is to maintain the status quo pending determination of an action on its merits"). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable

injury."  *Stenberg v. Cheker Oil Company*, 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted).

A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it.  *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002);  *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990).  Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984).  Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995).  Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts.  *Bell v. Wolfish,* 441 U.S. 520, 547 (1979).  Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial."  *Id.* at 548.  For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline must meet a heavy burden.

In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.  *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749,

753 (6th Cir. 1998). The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. *In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992). The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix. While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision. However, it is well established that "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Board of Medical Examiners,* 225 F.3d 620, 625 (6th Cir. 2000). Finally, the movant bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods, Inc. v Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 432, 441 (1974).

**1.     Likelihood of success on the merits**

Plaintiff's excessive force claims against defendants Datema, Gorman, Lahr, Sisson, Wolever, Tkach and Greenfield have survived summary judgment. These claims do not appear to be particularly strong or corroborated by other evidence. In this regard, the court notes that during one episode of alleged excessive force, plaintiff was found guilty of a major misconduct for threatening behavior. *See* Opinion at pp. 13-15 (docket no. 110). In addition, the medical evidence with respect to another alleged use of excessive force is open as to whether plaintiff's injuries were all self-inflicted. *Id.* at pp. 9-12. On balance, the court finds that plaintiff has no greater or lesser chance of prevailing on the merits than defendants. Accordingly, this factor favors neither party.

### B.     Irreparable Injury

The "key word" in determining the extent of an injury sufficient to support the award of injunctive relief is "irreparable." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). Mere injuries, however substantial, are not enough. *Id.* Rather, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.* "In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again." *Id.* (internal citations omitted). Plaintiff has not presented credible evidence that he suffers from either irreparable harm or an imminent threat of harm from defendants. Accordingly, this factor favors defendants.

### C.     Substantial harm to others

The court agrees with defendants that plaintiff's request intrudes upon the MDOC's prison operations, specifically the MDOC's ability to make reasoned decisions regarding the care and placement of prisoners. "[P]roblems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts." *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir. 1997). The MDOC is not only concerned with the safety of plaintiff, but also with the safety of staff, other prisoners and the general public. "[T]he administration of state prisons is a matter consigned to the states as part of their sovereign power to enforce the criminal law. In the exercise of this authority, the state has the power to adopt policies it believes are best suited for managing its prisons and assuring the safety and security of those institutions." *In re Wilkinson*, 137 F.3d 911, 914 (6th Cir. 1998). Under the facts in this case,

the court should defer from intervening in the MDOC's decision regarding plaintiff's placement. Accordingly, this factor favors defendants.

### D. Public interest

Plaintiff does not seek a court order to maintain the status quo. Rather, he seeks to have this court micro-manage the MDOC's placement of prisoners. While plaintiff argues that he should not be placed in "close contact" with defendants at IMAX, his placement affects other prisoners and prison staff. The court agrees with defendants that the public interest does not favor this court managing plaintiff's placement at the MDOC. A prisoner has no constitutional right to be confined in a particular institution or to enjoy a certain security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir.1986). The issue of addressing such a basic concern as placing a particular prisoner in an appropriate correctional facility is a matter that is best left to the state's prison officials.

> [J]udicial deference is accorded not merely because the administrator ordinarily will, as a matter of fact in a particular case, have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial.

*Bell v. Wolfish*, 441 U.S. 520, 548 (1979).

As the Supreme Court observed in *Rhodes v. Chapman*, 452 U.S. 337 (1981):

> When conditions of confinement amount to cruel and unusual punishment, federal courts will discharge their duty to protect constitutional rights. In discharging this oversight responsibility, however, courts cannot assume that state legislatures and prison officials are insensitive to the requirements of the Constitution or to the perplexing sociological problems of how best to achieve the goals of the penal function in the criminal justice system: to punish justly, to deter future crime, and to return imprisoned persons to society with an improved change of being useful, law-abiding citizens.

9

*Rhodes*, 452 U.S. at 352. The record does not suggest that plaintiff's placement poses such a threat that this court must intervene and exercise its judgment in place of the MDOC's professional judgment on how to best achieve the goals of the state's penal system. Accordingly, this factor favors defendants.

### E. Evaluation of the four factors

After reviewing the four factors relevant to issuing injunctive relief, the court concludes at this stage of the litigation that plaintiff has no greater or lesser likelihood of success on the merits than defendants (i.e., this factor is neutral and the other factors favor defendants: plaintiff has not shown irreparable harm; the court may cause substantial harm to others by intruding into the MDOC's decision on where best to place plaintiff; and, there exists a strong public interest in having MDOC employees, rather than this court, manage the state's penal system, which includes appropriate prisoner placement. For these reasons, the court concludes that plaintiffs' motion for injunctive relief should be denied.

### III. Recommendation

For all these reasons, I respectfully recommend that plaintiff's second "Motion for preliminary injunction and/or T.R.O." (docket no. 115) be **DENIED**.

Dated:  November 10, 2011                        /s/ Hugh W. Brenneman, Jr.
                                                 HUGH W. BRENNEMAN, JR.
                                                 United States Magistrate Judge

10

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).